IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH ALLEN WOOD,

      Petitioner,

v.                                                   Civil Action No. 1:21cv103
                                                       (Judge Kleeh)

MICHAEL J. OLEJASZ,

      Respondent.

**REPORT AND RECOMMENDATION**

This case was initiated on July 23, 2021 with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by counsel on Petitioner's behalf,[1] along with a Motion for Stay of State Court Proceedings pursuant to 28 U.S.C. § 2251, or, in the Alternative, for Expedited Consideration of the Petition for Writ of Habeas Corpus. ECF Nos. 1, 2.

Petitioner paid his filing fee at the time he filed the petition. See ECF No. 1.

This matter is pending before the undersigned for an initial review pursuant to 28 U.S.C. § 636(b)(1)(B).

**I. Petitioner's Claims for Relief**

The petition asserts that Petitioner is a defendant in a criminal prosecution pending before the Respondent in Brooke County, West Virginia. Petitioner has not been adjudged guilty and is currently awaiting trial, which has been set for August 10, 2021. Petitioner is presently free, subject to pretrial bond and contends that pursuant to Supreme Court law, he is therefore "in custody" for purposes of this petition.[2]

---

[1] Counsel is also defense counsel representing Petitioner in his ongoing criminal prosecution in Brooke County, West Virginia, Case Nos. 18-F-21, 21-F-7.

[2] See Justices of Bos. Mun. Court v. Lydon, 466 U.S. 294, 300 – 01 (1984).

According to his petition, in the original indictment, Wood is charged with two counts of sexual assault in the first degree, in violation of W.Va. Code Ann. §§ 61-8B-3(a)(2), (b), and (c)[3] and two counts of sexual abuse by a custodian, in violation of W.Va. Code Ann. § 61-8D-5, in Case No. 18-F-21. See ECF No. 1 at 1; see also ECF No. 1-2 at 13 – 15.

The case was previously set for trial on February 16, 2021, but on the first day of trial, during opening statement, defense counsel "ran so far afoul of previously entered evidentiary Court Orders that . . . [the circuit court] had no choice but to grant the State's motion for a mistrial. See Order, ECF No. 1-2 at 9. In the next term of court, on March 1, 2021, the State filed a Superseding Indictment containing six additional counts. Id.; see also ECF No. 1-2 at 16 – 21.  On March 18, 2021, Wood, through counsel, filed a Motion to Dismiss on Double Jeopardy Grounds, arguing that because a jury had been impaneled, double jeopardy applied and a second trial was barred, including trial on any new charges in the Superseding Indictment. Id.; see also ECF No. 1-2 at 22, ECF No. 1-2 at 50.  By Order entered June 8, 2021, the motion was granted in part and denied in part. See ECF No. 1-2 at 9. Petitioner's request to dismiss all charge was denied as "untenable;" the circuit court found that because Petitioner's own counsel violated the pre-trial evidentiary orders, Petitioner could not "enjoy the fruits of double jeopardy acquittal when his actions created a 'manifest necessity' to discharge the jury and retry the case;" the Superseding Indictment was dismissed with prejudice as a violation of the mandatory joinder rule set forth in Rule 8(a)(2) of the W.Va. Rules of Crim. Pro.; but the initial indictment remained and the case was reset for trial on August 10, 2021 Id. at 9 – 11.

---

[3] The original indictment erroneously refers to §§ 3(2)(b) and (c), but it is clear from the allegations in the indictment that the prosecutor intended to invoke §§ 3(a)(2), (b), and (c). See ECF No. 1, n.2 at 1; see also W.Va. Code § 61-8B(a)(2), (b)) and (c). The same typographical error was repeated in the Superseding Indictment. See ECF No. 1-2 at 16.

On June 30, 2021, Wood, through counsel, filed a petition for writ of prohibition and a separate motion for stay in the WVSCA in Case No. 21-0518. See ECF No. 1-10 at 2. On July 12, 2021, the Respondent filed a response in opposition to the petition and a separate motion for leave to file a supplemental appendix. Id. By Order issued July 15, 2021, the WVSCA denied relief and refused the motion to stay as moot. Id.

On July 21, 2021, in Brooke County Circuit Court Case No. 18-F-21, Wood filed a Motion to Continue Trial Date and Memorandum of Grounds in Support Thereof. See ECF No. 1-11.

On July 23, 2021, again through counsel, Wood filed the instant petition. ECF No. 1. In his petition, Wood argues that he has exhausted his state court remedies by filing the motion to dismiss on double jeopardy grounds in the trial court and then by filing the petition for writ of prohibition in the West Virginia Supreme Court of Appeals ("WVSCA") [ECF No. 1 at 4]; and double jeopardy applies because the jury was empaneled and sworn in the aborted trial on February 16, 2021. Id. at 4 – 5.

As relief, Petitioner seeks to have his petition granted, prohibiting the criminal trial from going forward on August 10, 2021 or any other date. Id. at 9.

## II. Analysis

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).[4]

This court is unable to grant the petitioner his requested relief under 28 U.S.C. § 2241 for several reasons. First, as a criminal defendant on bond, awaiting trial, the petitioner's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas

---

[4] Because petitioner is presently released on bond pending trial, his status is considered to be "in custody" for purposes of habeas corpus petitions.

corpus under 28 U.S.C. § 2241(c)(3), as he has done here, but only *after* he fully exhausts his state remedies. Although § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a § 2241 petition in federal court. See, *e.g.,* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3rd Cir. 1975).

The petition asserts that the Brooke County Circuit Court denied Wood's motion to dismiss on double jeopardy grounds and that he unsuccessfully filed a Petition for a Writ of Prohibition in the Supreme Court of Appeals of West Virginia (the "WVSCA"). Although the petitioner argues that he has presented the double jeopardy issue to the State's highest court, a petition for a writ of prohibition is not considered to be a proper form of exhaustion in the habeas corpus context. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. Feb. 28, 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. Apr. 14, 1986). Moreover, the petitioner has other remaining avenues in the state court to address these claims, including the opportunity to file a direct appeal, and (if necessary) an application for post-conviction relief. See Galloway v. Stephens, 510 F. Supp. 840, 846 (M.D.N.C. Mar. 25, 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See Younger v. Harris, 401 U.S. 37, 44 (1971). Under the Younger abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth.

4

v. Midkiff, 467 U.S. 229, 237-38 (1984); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).

The Fourth Circuit has instituted a three-part test for determining when Younger abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). The petitioner's case certainly meets these three criteria.

A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted).

To prevail under the bad faith exception, the petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). The petitioner has a heavy burden to overcome the bar of Younger abstention and must set forth "more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997). Here, the petitioner has not met his burden under the bad faith exception to overcome Younger.

Further, the state law exception is extremely narrow. The Supreme Court has never found a case within this exception, and district courts cases are exceedingly rare. Employers Resource Management Co. v. Shannon, 869 F.Supp. 398, 408 (E.D.V.A. Nov. 22, 1994)(citations omitted).

None of the charges pending against the Petitioner flagrantly and patently violate express constitutional prohibitions. As such, the state law exception does not apply in Petitioner's case.

Further, under the extraordinary circumstances exception, the Supreme Court in Younger did not attempt to limit what constitutes an extraordinary circumstance commenting that "[o]ther unusual situations calling for federal intervention might also arise, but there is no point in our attempting now to specify what they might be." Colonial First Properties, LLC v. Henrico County Virginia, 166 F.Supp.2d 1070, 1091 (E.D.V.A. Sep. 19, 2001) (citing Younger, 401 U.S. at 54). However, the Court attempted to define extraordinary circumstances stating, " . . . [S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Id. at 1091 (citing Kugler v. Helfant, 421 U.S. 117, 125 (1975)).

The Court is aware that the Petitioner believes double jeopardy applies because a jury was empaneled on February 16, 2021 before the mistrial was declared, and he has yet to be tried. However, it is apparent from a review of the state court record that it was Petitioner who invited the error by including prohibited argument in his opening statement at that first trial that ended in mistrial. Accordingly, the extraordinary circumstances exception does not apply.

Petitioner has failed to meet any of the conditions as set forth in Younger necessary to disregard the abstention doctrine and has failed to exhaust all available state court remedies through which he may present his instant claims. Accordingly, this court is barred from reviewing the section 2241 petition.

### III. Recommendation

For the forgoing reasons, the undersigned **RECOMMENDS** that the § 2241 petition [ECF No. 1] be **DISMISSED without prejudice.** Further, the undersigned **RECOMMENDS** that

Petitioner's pending Motion for Stay of State Court Proceedings pursuant to 28 U.S.C. § 2251,[5] or, in the Alternative, for Expedited Consideration of the Petition for Writ of Habeas Corpus [ECF No. 2] be **DENIED as moot.**

**Within fourteen days** after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record via electronic means.

In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 10, 2021

---

[5] Moreover, 28 U.S.C. § 2251 is inapplicable to Petitioner's situation; it is intended for use in death penalty cases, to stay the execution of a death sentence issued in a state court while a habeas proceeding is pending.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE